UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AARON RICHOUX | * | CIVIL ACTION |
| VERSUS | * | NO. 23-7203  DIV. (2) |
| CHEVRON ORONITE COMPANY, LLC | * | MAG. JUDGE CURRAULT |

**ORDER AND REASONS**

This matter was referred for all proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties.  ECF No. 11.

Before me is a Motion to Dismiss for Failure to State a Claim filed by Defendant Chevron Oronite Company, LLC.  ECF No. 12.  Plaintiff Aaron Richoux timely filed an Opposition Memorandum.  ECF No. 19.  No party requested oral argument, and the Court agrees that oral argument is unnecessary.

Considering the record, the submissions and arguments of counsel, and the applicable law, Chevron's motion is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.     BACKGROUND

Plaintiff Aaron Richoux is a 52-year-old white male who filed suit alleging discrimination based on his race, sex and age in violation of federal and state law.  ECF No. 1 ¶¶ 2-3, 29-40. Plaintiff alleges that he timely filed a charge of discrimination with the EEOC and the EEOC issued a determination letter dated September 6, 2023.  *Id*. ¶ 8; *see also* ECF Nos. 1-2, 1-3.  In his EEOC charge, he checked the boxes for race, sex and age discrimination.  The factual allegations in the  EEOC charge read:

> I was treated disparately on the basis of my age, race and gender.  I was subjected to increased scrutiny as to the manner in which I performed my work and time keeping responsibilities.  I was subjected to different standards than my younger, female and black counterparts.  I was ultimately constructively discharged.

1

ECF No. 1-2 at 1.  He alleges that he was replaced by a younger African American woman.  ECF No. 1 ¶ 27.

Plaintiff's Complaint reflects allegations that he worked as an Operator from 1998 to 2002, Quality Control Lab Inspector from 2002 until 2016, and Quality Control Lab Shift Supervisor from 2016 until his separation in November 2022.  ECF No. 1 ¶¶ 11-13.  Plaintiff alleges that, in January 2020, he was not offered remote work schedules when two coworkers were, but evidently in response to his request for same, he was allowed to work remotely until July 2022 when his manager Mr. Tullis rescinded his remote work schedule.  *Id.* ¶¶ 15-18.  Plaintiff contends that, in August 2022, Mr. Tullis denied a request for assistance and required Plaintiff to work excessive shifts and cover other supervisors' vacation, which Plaintiff concluded was an effort to force him to quit.  *Id.* ¶ 19.  In October 2022, Mr. Tullis requested that Plaintiff describe work completed on specified days from April through October 2022 despite not being asked to keep detailed records when allowed to work remotely, and, using his computer records, Plaintiff rebuilt his workdays and adjusted his schedule from earlier in the year to take more personal and vacation time.  *Id.* ¶¶ 20-23.  Plaintiff alleges that his co-workers were allowed to work remotely, were not required to work excessive shifts, and were not subject to the same level of scrutiny during their remote work.  *Id.* ¶¶ 18-19, 24.  Plaintiff alleges he was ambushed with an unannounced meeting and told he would be fired.  *Id.* ¶¶ 24-25.

## II.   THE MOTION TO DISMISS

Defendant Chevron moves to dismiss "the vast majority" of Plaintiff's claims for failure to exhaust administrative remedies, arguing that Plaintiff's current allegations include additional alleged acts of discrimination not identified in his EEOC charge.  ECF No. 12-1 at 1, 4-8. Specifically, Chevron argues that Plaintiff's EEOC charge identified one alleged adverse

employment action (i.e., increased scrutiny of performance and timekeeping), not that Chevron used increased scrutiny of his timekeeping as a pretext to terminate him to further a desire to replace older white men with young, minority females. *Id.* at 6.  Chevron appears to argue that, since Plaintiff's EEOC charge alleged constructive discharge but his complaint does not, Plaintiff's increased scrutiny as a pretext for termination must be dismissed. *Id.* at 6-7.  It further argues that Plaintiff's EEOC charge did not include allegations that (1) he was not offered remote work in January 2020 and later had his remote work authorization rescinded or (2) was required to work excessive shifts. *Id.* at 7-8.  And even if he had raised the January 2020 remote work issue, any claim on that basis would have been untimely given that he did not file his EEOC charge until June 7, 2023. *Id.*  Further, Chevron argues, Plaintiff's Complaint fails to allege facts supporting a plausible inference that he was treated differently than similarly situated coworkers or an inference that he was subjected to an adverse employment decision because of any protected characteristic. *Id.* at 8-16.  Chevron argues that the identified employees are not proper comparators and "increased scrutiny" does not rise to the level of an adverse employment action under *Hamilton v. Dallas County,* 79 F.4th 494, 502-06 (5th Cir. 2023) (en banc). *Id.* at 14-16.

In Opposition, Plaintiff argues that he has sought to amend his Complaint to include the assertion that he was constructively discharged and set forth other curative allegations, and further argues that his claims fall within the scope of his EEOC charge or at least fall within the scope of the EEOC investigation that could reasonably be expected to grow out of that charge.  ECF No. 19 at 1-3, 9.  Citing the outdated Rule 12(b)(6) standard, Plaintiff argues that dismissal is not proper. *Id.* at 10-11.  Plaintiff also argues that he has adequately alleged disparate treatment from similarly situated employees and that increased scrutiny to pressure him to quit constitutes adverse

employment action. *Id.* at 11-18. He also argues that Chevron's 2020 email regarding diversity statistics is direct evidence of discrimination. *Id.* at 19.

In Reply, Chevron argues that even the additional allegations in Plaintiff's proposed amended complaint do not suffice because Plaintiff does not allege that either of the "similarly situated employees" engaged in conduct similar to Plaintiff's conduct and the new allegations make clear that the employee are not similarly situated because they were not supervisors and held different jobs. ECF No. 20 at 2-3. Further, Chevron argues that the 2020 global diversity statements do not create an inference of discrimination much less constitute direct evidence of discrimination. *Id.* at 4-5.

## III.    LAW AND ANALYSIS

### A.  Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "A motion to dismiss for failure to state a claim is not meant to resolve disputed facts or test the merits of a lawsuit."[1] Rather, it tests whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[2] If the failure to exhaust administrative remedies is established by the pleadings and the other properly considered documents, then dismissal under Rule 12(b)(6) is appropriate.[3]

Although Rule 12(d) requires the court to treat the motion as a Rule 56 motion when matters outside of the pleadings are presented and not excluded by a court, the court may consider documents attached to the complaint, referenced documents that are central to the claim, and

---

[1] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).
[2] *Id.*
[3] *Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 572, 573 (5th Cir. 2013) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.") (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir.2003) (citations omitted)); *see also Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986) ("[A] claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings.").

documents that are part of the public record or subject to judicial notice in the Rule 12 analysis without converting the motion to a Rule 56 motion.[4]  In addition, the court may consider any documents attached to either the motion to dismiss or an opposition to that motion when the documents are referenced in the pleadings and are central to a plaintiff's claims.[5]

### B. Title VII and ADEA Claims

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment because of the individual's race.[6]  Similar to Title VII, the ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).

In addressing Rule 12 in the discrimination context, the Supreme Court has held that a plaintiff need not plead facts sufficient to establish a prima facie case under the *McDonnell Douglas* framework to survive a motion to dismiss.[7]  Although the Court rendered *Swierkiewicz* before it clarified the pleading standard in *Twombly* and *Iqbal*, *Swierkiewicz*'s primary holding—

---

[4] *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation and internal quotation omitted) (stating a court may consider Complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).

[5] *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citations omitted); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 293–94 (5th Cir.2008) (considering exhibits attached to an opposition because "[n]o party questions the authenticity of these two documents and both were sufficiently referenced in the complaint to permit their consideration on a motion to dismiss"); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *see also In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 238 F. Supp. 3d 799, 815 (S.D. Tex. 2017), *aff'd sub nom. Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727 (5th Cir. 2019).

[6] 42 U.S.C. § 2000e-2(a)(1).

[7] *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."); *see also Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz,* 534 U.S. at 510–12).

that a plaintiff need not establish a prima facie case under *McDonnell Douglas* at the pleading stage—is still good law.[8]  Interpreting *Swierkiewicz* post-*Twombly* and *Iqbal*, the Fifth Circuit has held that a plaintiff must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible."[9]

To plead a disparate-treatment claim under Title VII, a plaintiff must allege facts plausibly showing (1) an adverse employment action (2) taken against him because of his protected status.[10] In its *en banc Hamilton* decision, the Fifth Circuit rejected its earlier "ultimate employment decision" test in favor of a less strict standard for establishing an adverse employment action. Under the *Hamilton* standard, "a Title VII plaintiff may recover damages even for 'discrimination in the terms, conditions, or privileges of employment' that 'did not involve a discharge,' 'loss of pay,' or other 'concrete effect on [his or her] employment status.'"[11]  Although the criteria for an adverse employment action are broad, Title VII "does not permit liability for de minimis workplace trifles."[12]  Further, a plaintiff must allege facts—either direct or circumstantial—that would suggest that defendant's actions were based on his protected status or that defendant treated similarly situated employees outside of his protected class more favorably.[13]

## C. Administrative Exhaustion

Title VII of the Civil Rights Act of 1964 prohibits covered employers from discriminating against any individual with respect to "terms, conditions, or privileges of employment, because of

---

[8] *See Twombly*, 550 U.S. at 555.
[9] *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (emphasis added) (citing *Raj*, 714 F.3d at 331).
[10] *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502 (5th Cir. 2023) (citing cases); *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (internal quotations and citations omitted).
[11] *Hamilton* at 501 (quoting *Landgraf v. USI Film Prod.*, 511 U.S. 244, 254, (1994) (quoting 42 U.S.C. § 2000e-2(a)(1))).
[12] *Id*. at 505 (citations omitted).
[13] *Raj*, 714 F.3d at 331; *see also Chhim*, 836 F.3d at 470 (citation omitted); *Stone v. La. Dep't of Revenue*, 590 F. App'x. 332, 339 (5th Cir. 2014).

such individual's race."[14]   A plaintiff alleging discrimination claims must exhaust administrative

remedies before filing suit.[15]   The filing of a timely EEOC charge is a statutory prerequisite to suit

under Title VII.[16]   In a deferral state, such as Louisiana, a plaintiff has 300 days from the

discriminatory act to file the charge with the EEOC.[17]   Any claim filed later than 300 days after

the discriminatory act is time barred.[18]   Thus, the failure to file a charge of unlawful discrimination

within the applicable time period bars a plaintiff from proceeding with a civil action.[19]

In the context of disparate treatment claims, each discrete adverse employment action

constitutes a separate actionable unlawful employment practice, and each act starts a new clock

for filing charges alleging that act.[20]   Thus, the limitations period runs from each alleged

discriminatory act.   In contrast, hostile work environment claims are subject to the continuing

violation doctrine under which, "[a]s long as 'an act contributing to the claim occurs within the

filing period, the entire time period of the hostile environment may be considered by a court for

---

[14] 42 U.S.C. § 2000e-2(a)(1).

[15] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); *see also Jones v. City of Hous.*, 756 F. App'x 341, 348 (5th Cir. 2018) (citing 42 U.S.C. § 2000e-5(f)(1)) (per curiam).

[16] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

[17] *Conner v. La. Dep't of Health and Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007) (citations omitted) ("[W]hen a claimant submits an EEOC charge and, pursuant to a work-sharing agreement, the EEOC accepts it on behalf of a deferral state, the claimant is deemed to have initially instituted proceedings with the state agency and the 300–day period is triggered."); *see also Time Limits for Filing a Charge*, U.S. EQUAL EMP. OPP. COMM'N, https://www.eeoc.gov/time-limits-filing-charge (last accessed Feb. 27, 2024).

[18] 42 U.S.C. § 2000e-5(e)(1); *Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 555–56 (5th Cir. 1987); *Taylor*, 296 F.3d at 378–79; *see also Jones*, 756 F. App'x at 348 (citing 42 U.S.C. § 2000e-5(f)(1)).

[19]  *See, e.g., Jay v. Int'l Salt Co.*, 868 F.2d 179, 180 n.1 (5th Cir. 1989); *Cook v. Lee Coll.*, 798 F. Supp. 417, 420-21 (S.D. Tex. 1992).

[20] *Smith v. AT&T Mobility Servs., LLC*, No. 21-20366, 2022 WL 1551838, at *2 (5th Cir. May 17, 2022) (quoting *Morgan*, 536 U.S. at 114, 102).

the purposes of determining liability.'"[21]  But "[d]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."[22]

A lawsuit stemming from an EEOC charge is limited in scope to the charge set forth therein as well as the EEOC investigation that could reasonably be expected to grow out of the charge of discrimination.[23]  A plaintiff who files a charge of discrimination with the EEOC cannot later assert additional theories of discrimination in a subsequent civil proceeding when those additional theories were not raised in the EEOC charge.[24]  Courts should not condone lawsuits that exceed the scope of EEOC exhaustion because doing so thwarts the administrative process and peremptorily substitutes litigation for conciliation.[25]  A claim is not reasonably expected to grow out of a plaintiff's charge of discrimination if the claim is not alleged in the charge itself.[26]

The scope of the inquiry is not, however, limited to the exact charge brought to the EEOC. A subsequent suit encompasses claims made in the employee's initial EEOC charge "or any type of discrimination 'like or related to the charge's allegations, limited only by the scope of the EEOC

---

[21] *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 737 (5th Cir. 2017), *revised* (Mar. 13, 2017), *aff'd sub nom,. Heath v. Elaasar*, 736 F. App'x 351 (5th Cir. 2019) (quoting *Morgan*, 536 U.S. at 117). The "separate acts" must be related for the "single violation" to encompass the earlier acts.  *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328-29 (5th Cir. 2009) (finding that timely 2006 acts were sufficiently related to 2003-04 acts to constitute a single practice where "the pre–and post-limitations period incidents involved the same type of harassment and were perpetrated by the same manager").

[22] *Morgan*, 536 U.S. at 113.

[23] *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006); *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993) (citing *Fellows v. Universal Rests., Inc.*, 701 F.2d 447, 451 (5th Cir. 1981)); *see also Vicknair v. La. Dep't of Pub. Safety & Corrs.*, 555 F. App'x 325, 332 (5th Cir. 2014) (citation omitted) (noting that a Title VII suit may "extend as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge.").

[24] *See, e.g.*, *Kebiro v. Walmart*, 193 F. App'x 365, 367 (5th Cir. 2006) (plaintiff's racial and gender discrimination claims were properly dismissed because his EEOC filings only mentioned his age and national origin); *Luna v. Lockheed Martin Corp.*, 54 F. App'x 404, 2002 WL 31687698, at *1 (5th Cir. 2002) (per curiam) (plaintiff's claim based on national origin discrimination properly dismissed where he only checked the box indicating his intention to bring a claim of retaliation in his EEOC charge); *Thomas v. Tex. Dep't of Crim. Just.*, 220 F.3d 389, 395 (5th Cir. 2000); (trial court abused its discretion in amending pretrial order to allow Plaintiff to pursue race discrimination claim where EEOC charge alleged only gender discrimination).

[25] *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (citing *Pacheco*, 448 F.3d at 788–89).

[26] *Ellzey v. Cath. Charities Archdiocese of New Orleans*, 833 F. Supp. 2d 595, 602 (E.D. La. 2011); *Kebiro v. Walmart*, 193 F. App'x 365, 367 (5th Cir. 2006).

investigation that could reasonably be expected to grow out of the initial charges of discrimination.'"[27]  Further, EEOC charges are to be given a liberal construction, especially those authored by unlawyered complainants.[28]  Courts must "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than to its label."[29]  That said, an entirely different basis of alleged discrimination not mentioned to the EEOC will fall outside of the permissible scope of a lawsuit.[30] There must be some factual relationship between the act and the acts described in the charge, beyond the fact that both involve the same employer and the same general type of discrimination.[31]

## IV.    ANALYSIS

On a motion to dismiss, the Court must accept Plaintiff's factual allegations as true. Plaintiff has alleged that he was subjected to increased scrutiny and required to work excessive shifts in an effort to force him to quit so that Defendant could further its diversity efforts by promoting younger minority workers.[32]  Although Plaintiff admits that the similarly situated coworkers held different job titles than him, he alleges they performed similar work and reported to the same supervisor.[33]  Whether the identified coworkers are in fact proper comparators is

---

[27] *Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 167 (5th Cir. 2018); *Barnett v. La. Dep't of Health*, No. 17-1793, 2023 WL 2467877, at *7 (M.D. La. Mar. 10, 2023), *supplemented*, No. 17-1793, 2023 WL 2467876 (M.D. La. Mar. 10, 2023)) (citations omitted).
[28] *Thomas.*, 220 F.3d at 395; *Young v. City of Hous.*, 906 F.2d 177, 179-80 (5th Cir. 1990*); Fellows v. Universal Rests., Inc.*, 701 F.2d 447, 451 (5th Cir. 1983); *see also Stingley v. Watson Quality Ford, Jackson, MS*, 836 F. App'x 286, 291 (5th Cir. 2020) (courts must assess the scope of a Title VII lawsuit "somewhat broadly, not solely by the scope of the administrative charge itself").
[29] *Pacheco*, 448 F.3d at 789.
[30] *See Kebiro*, 193 F. App'x at 367 (racial and gender discrimination claims were properly dismissed because EEOC filings only mentioned his age and national origin); *Luna*, 54 F. App'x 404, 2002 WL 31687698, at *1 (national origin claim properly dismissed where charge only checked box indicating retaliation claim); *Thomas*, 220 F.3d at 395 (trial court abused its discretion in amending pretrial order to allow Plaintiff to pursue race discrimination claim where EEOC charge alleged only gender discrimination).
[31] *Turner v. Novartis Pharms.*, No. 10-0175, 2011 WL 901022, at *4 (E.D. La. Mar. 11, 2011), *aff'd.*, 442 F. App'x 139 (5th Cir. 2011); *Jennings v. Towers Watson*, 11 F.4th 335, 343 (5th Cir. 2021) (no exhaustion of race and hostile environment claims where pay differential allegations would not lead to investigation of seating segregation claim).
[32] ECF No. 1 ¶¶ 23-25.
[33] ECF No. 19 at 15-16.

appropriately addressed after development of the record, possibly on summary judgment.[34]   In the context of a Rule 12 motion, plaintiff's allegations suffice to allow him to proceed on his claims of discrimination based on age, race and gender.[35]

Moreover, contrary to Defendant's assertion, Plaintiff's complaint does not reflect any entirely new bases for discrimination.  Rather, as Plaintiff reported to the EEOC, he believes he has been discriminated against based on his age, race and gender.  Like his EEOC charge, as evidence of this alleged discrimination, Plaintiff identifies being subjected to more scrutiny with regard to the manner in which he performed his work and timekeeping than his coworkers. Although Plaintiff's complaint also includes an additional allegation that he was forced to work excessive shifts when coworkers were not, these additional facts directly relate to his assertion that he was being discriminated against because of his age, race and gender.  Plaintiff does not assert that he was forced to work excessive shifts due to disability or some other entirely new, different form of discrimination, and the law does not require that the EEOC charge include every single fact in support of the discrimination claim.[36]

Plaintiff's allegation regarding not being offered remote work in January 2020, however, is time barred.  When discrete acts of discrimination are alleged, only acts occurring within 300 days of the EEOC charge are actionable.  Plaintiff filed his EEOC charge on June 6, 2023.  To the

---

[34] *See Cicalese*, 924 F.3d at 768 (noting that, when a plaintiff plausibly alleges similarly situated comparators, the court must not scrutinize whether the comparators are "really 'similarly situated'" on a motion to dismiss).

[35] *Woods v. La. Special Sch. Dist.*, No. 23-3083, 2023 WL 8370382, at *7 (E.D. La. Dec. 4, 2023) (denying Rule 12 motion when plaintiff alleged she was paid less than coworkers and superintendent made racial comments).

[36] *See Bowie v. Hodge*, No. 20-2441, 2022 WL 102620, at *6 (E.D. La. Jan. 11, 2022) (finding plaintiff exhausted administrative remedies on more serious allegations of sexual harassment identified in the complaint but not listed in the EEOC charge because the additional incidents would reasonably have been expected to grow out of the investigation and distinguishing cases where a plaintiff files an EEOC charge on one basis of discrimination and files suit based on a different type of discrimination*); Leal v. Wal-Mart Stores, Inc*., No. 15-5768, 2016 WL 2610020, at *4 (E.D. La. May 6, 2016) (additional facts stating husband was promoted though he was not as qualified directly related to plaintiff's allegation that she was not promoted because of her gender), *on reconsideration in part sub nom. Leal v. Wal-Mart Stores, Inc*, No. 15-5768, 2016 WL 6091179 (E.D. La. Aug. 15, 2016).

extent he alleges an adverse employment action occurred when he was not offered the opportunity to work remotely in January 2020, that claim is time-barred as is any other claim based on discrete acts occurring before August 11, 2022.

## V.      CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Dismiss (ECF No. 12) is GRANTED IN PART AND DENIED IN PART as stated herein.

New Orleans, Louisiana, this ____28th____ day of February, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

11