UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AARON RICHOUX | * | CIVIL ACTION |
| VERSUS | * | NO. 23-7203  DIV. (2) |
| CHEVRON ORONITE COMPANY, LLC | * | MAG. JUDGE CURRAULT |

## ORDER AND REASONS

This matter was referred for all proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties.  ECF No. 11.

Before me is Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint.  ECF No. 24.  This motion was scheduled for submission on March 20, 2024.  As of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, March 12, 2024.  *See* E.D. La. L.R. 7.5.

Having considered the record, the argument of counsel, the lack of opposition, and the applicable law, and after finding that the motion has merit, the Motion is GRANTED for the reasons that follow.

## LAW AND ANALYSIS

Plaintiff seeks to supplement and amend his Complaint to address alleged deficiencies in the Complaint and expand upon the allegations set forth therein.  ECF No. 24-1 at 2.  He timely sought leave to amend before expiration of the Scheduling Order's deadline and corrected the deficiency with this filing shortly thereafter.  *See* ECF Nos. 18, 22, 24.  Thus, the request for leave to amend is governed by FED. R. CIV. P. 15(a) rather than the more stringent good cause requirements of FED. R. CIV. P. 16(b).  *See S & W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and allows

1

modification "only for good cause and with the judge's consent;" the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing FED. R. CIV. P. 16(b)).

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[1] The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[2] Given Rule 15(a)'s "bias in favor of granting leave to amend,'" absent a "substantial reason," the court's discretion "is not broad enough to permit denial."[3]

Defendant has not filed an Opposition to Plaintiff's motion. Moreover, given the early stage of this case and Defendant's failure to identify any reason for opposition to the motion, there is no "substantial reason" to deny Plaintiff's request for leave to amend under Rule 15(a).

Accordingly, for the foregoing reasons and considering the record, the submission and argument of counsel, the lack of opposition filed by any party, the failure to demonstrate prejudice from granting leave to amend, and the applicable law,

IT IS ORDERED that Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint (ECF No. 24) is GRANTED;

---

[1] FED. R. CIV. P. 15(a)(2). Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

[2] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

[3] *Id*. at 595 (citation omitted); *Mayeaux*, 376 F.3d at 425 (footnote omitted) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).

IT IS FURTHER ORDERED that the Clerk file Plaintiff's Proposed Amended Complaint (ECF No. 24-2) into the court record.

New Orleans, Louisiana, this __20th__ day of March, 2024.

*[signature: Donna Phillips Currault]*

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE